IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Gary Stibbe, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Byron Dorgan, )<br>)<br>Defendant. ) | Case No: 3:11-cv-20<br><br>**ORDER** |

Plaintiff Gary Stibbe ("Stibbe") filed a pro se complaint against defendant Byron Dorgan ("Senator Dorgan") in Cass County District Court. Senator Dorgan removed the action to the federal district court. Stibbe alleges that Senator Dorgan discriminated against him by not helping Stibbe receive his federal tax refund, and instead the Internal Revenue Service applied the tax refund to Stibbe's college student loans. (Doc. #1-1). Stibbe states that Senator Dorgan's staff helped him receive his tax refunds in prior years because Stibbe needs the money as a victim of the prescription drug Vioxx. Id. When Stibbe did not receive his latest tax refund he contacted Senator Dorgan's Fargo office and was allegedly informed that since Senator Dorgan only had a short time remaining in office, he was not going to help Stibbe receive his tax refund. Id. Stibbe claims that Senator Dorgan was "extremely discriminatory" because he is paid by the people to work until "his last minute in office." Id. Stibbe seeks one million dollars in damages for Senator Dorgan's alleged discrimination and negligence. Id.

On March 18, 2011, Senator Dorgan filed a motion to dismiss the complaint and a memorandum in support of the motion. (Docs. #12, #13). Local Civil Rule 7.1 provides that Stibbe had twenty-one days after service of the memorandum in support of the motion to file his response. D.N.D. Civ. L. R. 7.1 (A)(1). On April 27, 2011, the court ordered Stibbe to show

cause why he had not responded to the motion to dismiss. (Doc. #15). The court allowed Stibbe until May 16, 2011 to respond to the court's order to show cause by either filing a response to the motion to dismiss, or by providing an explanation for why he had not filed his response. Id. Stibbe has not responded to the court's order.

"An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Civ. L. R. 7.1 (F). Additionally, in the court's independent evaluation of Stibbe's complaint the court finds that it lacks subject-matter jurisdiction to consider Stibbe's claim. Therefore, Stibbe's complaint must be dismissed.

In his complaint Stibbe did not indicate he was suing Senator Dorgan in his individual capacity. The complaint refers to Senator Byron Dorgan, his Fargo office, his staff, and his term in office, indicating an intention to sue him in his official capacity. See Egerdahl v. Hibbing Comm. Coll., 72 F.3d 615, 619 (8th Cir. 1989) (The courts will interpret a complaint that is silent about the capacity in which defendants are sued as alleging only official capacity claims.). A suit against a public employee in his official capacity is actually a suit against the public employer. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Therefore, a complaint against Senator Dorgan in his official capacity is a suit against the United States. Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000) citing Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998)).

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued." Miller v. Tony and Susan Alamo Found., 134 F.3d 910, 915 (8th Cir. 1998) (citations omitted). "This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in the favor the sovereign."

Id. "District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented." Id.  The plaintiff bears the burden of proving an unequivocal waiver of sovereign immunity.  Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Stibbe has not alleged that the United States waived its sovereign immunity.[1]  Accordingly, it is **ORDERED** that defendant's motion to dismiss (Doc. #12) is **GRANTED**, and plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

   **JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

   Dated this 17th day of June, 2011.

                                               /s/ *Karen K. Klein*
                                              Karen K. Klein
                                              United States Magistrate Judge

---

[1] If Stibbe's claim can be construed as one arising under the Federal Torts Claims Act, the court notes that Stibbe has not exhausted his administrative remedies and is therefore barred from bringing suit against the United States.  See 28 U.S.C. § 2675(a); see also (Doc. #13-1) (letter confirming that the Office of the Senate Sergeant at Arms has no record of Stibbe filing any administrative tort claim).